HEATHER E. WILLIAMS, Bar#122664
Federal Defender
VICTOR M. CHAVEZ, Bar #113752
Assistant Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: 559-487-5561

Attorneys for Defendant
ISRAEL CARLOS TORRES

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. 1:14-cr-00003 LJO-SKO |
|---|---|
| Plaintiff, | ) **NOTICE OF MOTION AND UNOPPOSED** |
| | ) **MOTION TO TERMINATE PROBATION;** |
| vs. | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES; ORDER** |
| ISRAEL CARLOS TORRES, | ) |
| | ) (HEARING NOT REQUESTED) |
| Defendant. | ) |
| | ) Judge: Hon. Lawrence J. O'Neill |

**TO: SCOTT W. McGREGOR, UNITED STATES ATTORENY, AND KIMBERLY A. SANCHEZ, ASSISTANT UNITED STATES ATTORNEY, COUNSEL FOR PLAINTIFF:**

**PLEASE TAKE NOTICE** that defendant, Israel Torres, through undersigned counsel, hereby files this motion for early termination of probation. The motion is directed to the Honorable Lawrence J. O'Neill. The defendant requests that the Court grant this motion without first holding a hearing based on the fact that Probation Officer, Adam Tunison supports the motion and the government has no objection to it.

**I.   MOTION**

Mr. Torres, by his counsel of record, Assistant Federal Defender Victor M. Chavez, hereby moves this Court for an order terminating his term of probation. This motion is made pursuant to 18 U.S.C. § 3564(c), Eastern District of California Local Rule Crim. 430.1, and such other statutory rules as may be applicable.

///

Israel Torres – Motion for Termination of Probation; Proposed Order           -1-

This motion is based upon the instant motion and notice of motion, the accompanying statement of facts and memorandum of points and authorities, the files and records in the above-entitled case, and all other information that may be brought to the Court's attention before or during any hearing on this motion.

## II. PROCEDURAL HISTORY

**1.** On January 9, 2014, Israel Torres was charged by indictment with Count 1; felon in possession of a firearm. (18 USC § 922(g)(1)), Count 2; possession of a stolen firearm. (18 USC § 924(d)(1)).

**2.** Mr. Torres plead guilty to felon in possession of a firearm, 18 USC § 922(g)(1) on February 26, 2015.

**3.** On July 18, 2016 this Court sentenced Mr. Torres to a five year term of probation.

**4.** On July 18, 2019 Mr. Torres successfully completed 3 years of probation.

**5.** Mr. Torres requests early termination of his probation. His probation officer Adam Tunison supports early termination.

**6.** On July 19, 2019 Assistant United States Attorney Kimberly A. Sanchez advised the defense, by email, that she does not have any objection to Mr. Torres' request.

## III. MEMORANDUM OF POINTS AND AUTHORITIES

### 1. The Court May Grant This Motion Without A Hearing

It is not necessary to hold a hearing on this motion because Mr. Torres waives hearing; Probation Officer Adam Tunison supports the motion; Assistant United States Attorney Kimberly A. Sanchez has no objection to the motion and Mr. Torres has successfully completed three years on probation.

The Court may terminate a term of probation after completion of one year of probation pursuant to 18 USC § 3564(c):

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

Rule 32.1(c), (F.R.Crim.P) provides that prior to modifying the conditions of probation the Court must hold a hearing where the person will have an opportunity to present evidence and be heard by the Court. No hearing is required when the hearing is waived or when the relief sought is favorable to the person and does not extend the term of probation and the government attorney does not object to the relief sought.

### CONCLUSION

In this case Mr. Torres' probation officer supports his request for early termination and Assistant United States Attorney Kimberly A. Sanchez does not object to early termination. Mr. Torres has complied with all of the terms of his probation. He has remained employed, has not

///
///
///
///

used drugs nor alcohol, and he has not engaged in any criminal conduct. His conduct also warrants early termination because Mr. Torres has done everything that the Court and his probation officer have requsted. Termination of probation is in the interest of justice.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: July 22, 2019

/s/ Victor M. Chavez
VICTOR M. CHAVEZ
Assistant Federal Defender
Counsel for Defendant
ISRAEL TORRES

# O R D E R

Pursuant to Mr. Torres' request for early termination of his term of probation, the Court hereby terminates Mr. Torres' term of probation pursuant to 18 U.S.C. § 3564(c). Mr. Torres' term of probation is terminated as of the date of this Order.

**IT IS SO ORDERED.**

IT IS SO ORDERED.

Dated: **July 24, 2019**          /s/ Lawrence J. O'Neill
                              UNITED STATES CHIEF DISTRICT JUDGE